A. Thomas Levin, Esq. Village Attorney, North Hills
You have asked whether a village may regulate traffic in the private streets of a development of single family homes.
You have explained that the development consists of single family homes owned in fee simple by separate owners. All of the roads in this development are private roads and are not open to public traffic. You have also indicated that all of the owners of lots in the subdivision are required to belong to a homeowners association which has responsibility for the maintenance of the private roads in the development. The development is not a cooperative or condominium complex.
The Vehicle and Traffic Law defines a highway as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel" (Vehicle and Traffic Law, § 118). A private road is a way or place that is privately owned and used for vehicular travel only by the owners and those having permission of the owners, but not by other persons (id., § 133).
Section 1640 of the Vehicle and Traffic Law authorizes the legislative body of any city or village, with respect to highways, to enact certain traffic regulations. For purposes of this provision, "highway" includes private roads open to public motor vehicle traffic. In that the roads in the subject development are not open to the public, section 1640 does not authorize the regulation of traffic. Further traffic regulation is authorized by section 1640-a of the Vehicle and Traffic Law which permits the legislative body of any city or village to regulate parking areas and driveways of a fire station, the parking areas and driveways of a hospital, parking areas of a shopping center or the parking areas and private streets or roadways of a private apartment complex or private condominium complex. Under this provision, traffic regulations are authorized upon the written request of the owner or person in general charge of the area. The subject development does not fall within the coverage of this provision in that it does not consist of private apartment houses or condominiums.
The Vehicle and Traffic Law has been declared to be applicable and uniform throughout the State and no local authority may enact any law or regulation in conflict with its provisions (id., § 1600). In that the provisions of the Vehicle and Traffic Law permit a village only to regulate traffic on public highways and on certain designated private roadways and parking areas, in our view a local regulation permitting traffic regulation as to other privately owned roadways would be inconsistent with State law. The Legislature, in designating those private roads upon which local traffic regulation is permissible, has indicated an intent that regulation is not permitted as to other privately owned areas (cf. 1985 Op Atty Gen [Inf] 121; 1980 Op Atty Gen [Inf] 176).
We conclude that a village may not regulate traffic on the private streets of a single family housing complex.